EDWARDS et al. v. BAY STATE GAS CO. OF DELAWARE et al.

(Circuit Court, D. Delaware. May 17, 1904.)

No. 202.

1. CORPORATIONS—STOCKHOLDERS' ACTION—COSTS.

Where an action was brought by stockholders for the benefit of the corporation and such other stockholders as might come in and make themselves parties, the plaintiffs were parties in their individual capacity, and were liable for costs and disbursements per capita, and not pro rata according to the number of shares each held in the corporation.

In Equity.

Geo. Putnam Smith, for petitioner.

C. Godfrey Patterson and Henry Major, opposed.

DALLAS, Circuit Judge. The petition of Henry W. Le Roy for leave to withdraw as an intervening party plaintiff has been argued by George Putnam Smith, Esq., counsel of the petitioner, and C. Godfrey Patterson, Esq., of counsel for complainants. The petitioner admits the correctness of the statement of costs and expenses which has been presented by complainant's counsel, and offers to pay so much thereof as is properly chargeable against him, but he claims "that his pro rata share should be proportioned among the interveners per capita, and not per ratio," while, upon the other hand, it is contended that the petitioner is

liable "pro rata according to the number of shares he holds in the company." After reading the affidavits, and carefully considering the statements and briefs submitted, which will be filed herewith, I have reached the conclusion that the position taken by the petitioner should be sustained. It is true that the suit was brought by and on behalf of stockholders for the redress of wrongs alleged to have been perpetrated against a corporation, and, no doubt, if it had been instituted by the corporation itself, the expense involved would have fallen, indirectly at least, upon all the stockholders, in proportion to their respective holdings of stock. But the case must be dealt with as it is. It is in fact the suit of those only by whom it was originally brought, and of those who have since made themselves parties to it. No others have assumed, or could be held to, any liability with respect to it. There cannot, therefore, be any pro rata apportionment among all the stockholders. This intervener is simply one of several plaintiffs in a joint suit, and as such he is bound equally with each of his coplaintiffs, but not as a stockholder, to contribute for liquidation of the disbursements which have been made in its prosecution.

Let an order be prepared granting the prayer of the petition, upon payment by the petitioner of his proportion of the costs and expenses heretofore incurred, which may be ascertained and assessed by the clerk in conformity with this opinion.